[Civ. No. 5272. Fourth Dist. Dec. 19, 1956.]

ANNA L. PALMER, Appellant, v. JACK N. HOLCOMB et al., Respondents.

Randolph J. Soker for Appellant.

Arthur J. Crowley for Respondents.

COUGHLIN, J. pro tem.*—In December, 1952, the plaintiff, who then was a party to a divorce action, employed the defendant Holcomb, a private detective, to investigate the activities and financial affairs of her husband. Holcomb had been suggested by Millard M. Mier, her attorney in the divorce action.

During the ensuing 13 months, Holcomb, in the course of his employment, made two trips to San Diego, one to Crestline, and one to Yosemite Valley, following plaintiff's husband, ran down and checked out numerous rumors and false clues submitted by Mrs. Palmer; obtained recordings of her husband's conversation in their home; employed six operators, who, with himself, spent 2,782 hours in the course of this investigation; expended $6,876.97; and, from time to time, and sometimes daily, reported orally to the plaintiff the results of his efforts.

In June, 1953, the plaintiff paid Holcomb $690 on account. Thereafter, on different dates, she signed three documents purporting to be affidavits and promissory notes, which contained an itemization, month by month, of the charges for services rendered, automobile use, and miscellaneous expenses, an acknowledgment of their correctness, and a promise to pay the amount then due. It appears from these documents that on August 1, 1953, there were charges of $4,587.75, $1,026 and $995.85, respectively, for services, automobile use and miscellaneous expenses covering the period from January

---

*Assigned by Chairman of Judicial Council.

to July, inclusive, upon which $690 had been paid, leaving a balance of $5,919.60; that on October 10, 1953, there were charges of $996.50, $418.32, and $311.90, respectively, for similar items covering the period from August to October, inclusive, none of which had been paid; and that on January 19, 1954, there were further charges of $3,206.50, $328.60 and $316.67, respectively, for the same purposes covering the period of October to January, inclusive, all of which were unpaid.

During the course of Holcomb's employment, Mier became concerned about the cost of the investigation which the plaintiff had ordered and he counseled with her about this, but she insisted that the investigation continue and, on several occasions, said that she would spend every dime she had to get something on her husband. At one time the plaintiff stated that if Holcomb quit she would get someone else to take over.

On January 20, 1954, the plaintiff executed a hybrid type of instrument, purporting to be an assignment to Holcomb of all her interest in any property which she might receive on a division with her husband, for the purpose of securing payment of the promissory notes in question.

Thereafter, Holcomb expressed concern to the plaintiff about the status of his account, saying that he felt he was not adequately protected and suggested to her, and she agreed, that the three notes be combined in one and be secured by a deed of trust on a house and lot which she expected to receive under a pending property settlement agreement with her husband. Thereupon, Holcomb telephoned Mier; advised him of this understanding; gave him the amount of the three prior notes; and asked him to prepare a note and deed of trust accordingly. Mier suggested that he be named trustee in order to protect his client from a foreclosure without notice. Following this telephone conversation, a note and deed of trust were prepared and submitted to the plaintiff by her attorney, but, because she did not want her sister, who was present, to know about the matter, they were not executed at that time. Later, Mier gave the papers to Holcomb, who arranged a meeting with the plaintiff, at which there was a discussion about the amount of the fee charged; some additional work she wanted done; the effect of this transaction on the prior notes, which were to be canceled; the amount of interest due on the notes, which was included in the principal of the new note; and the title to the property described in the deed of trust. Thereupon, the documents

were executed by plaintiff and acknowledged before the defendant Scott, a notary public, who also was present.

A few days later Mrs. Palmer went to a bank in Apple Valley and made an application for a loan on the property in question, hoping to pay off Holcomb and refinance her property with a longer term note.

■ "It is, of course, to be understood that in stating the evidence we are bound to consider that the trial court resolved all substantial conflicts and drew all reasonable inferences in favor of the defendants." (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12].) This observation is particularly pertinent because the facts heretofore outlined are in substantial conflict with the plaintiff's concept of the evidence under consideration.

■ On March 19, 1954, Mrs. Palmer filed a complaint to cancel all of the promissory notes, the assignment and the deed of trust, and to quiet her title to the real property described therein, alleging that she "reposed trust and confidence" in the defendant Holcomb, and also in her attorney, Mier, who had recommended his employment, which was effected under an agreement that the services rendered would be paid by her husband as a part of the costs in the divorce proceeding; that Holcomb and Mier requested her to sign certain documents in blank, falsely representing that her signature was necessary, either to enable Holcomb to obtain payment for his services from her husband, to assure her attorney that Holcomb was performing the investigation services requested, or to effect a release from tax obligations incurred by her husband; that she relied on these representations and signed the documents, which were acknowledged before the defendant Scott, a notary public, who was acting in collusion with Holcomb; that these documents purport to be the promissory notes, assignment and deed of trust in question, and are wholly without consideration.

Holcomb, Mier and Scott were named defendants in this complaint. Each filed an answer. In addition, Holcomb and Scott filed cross-complaints. Holcomb sought a court foreclosure of the deed of trust. Scott, who had been substituted for Mier as trustee, under the deed of trust, asked for attorney's fees which he claimed were payable under the terms of the trust agreement.

During the trial, the plaintiff asked for and obtained permission to file an amendment to her answer to Holcomb's cross-complaint, alleging inadequacy of consideration.

Upon conclusion of the plaintiff's case, she dismissed the action as against the defendant Mier.

The trial court rendered judgment in favor of the remaining defendants, on the complaint; directed foreclosure of the deed of trust; and awarded Scott $500 attorney's fees.

The plaintiff asks this court to reverse the judgment upon the ground that, in obtaining the documents in question Holcomb gained an inequitable advantage over her, resulting from the confidential relation existing between them, as evidenced by the inadequacy of the consideration involved and the other circumstances attendant upon the execution of those documents. Reliance is placed upon the rule that such transactions are presumed to be without sufficient consideration, obtained by undue influence and constructively fraudulent, casting upon the party who has gained the advantage the burden of showing fairness and good faith in all respects. (*Johnson* v. *Clark,* 7 Cal.2d 529 [61 P.2d 767]; *Scovill* v. *Guy,* 205 Cal. 386 [270 P. 934]; *Soberanes* v. *Soberanes,* 97 Cal. 140 [31 P. 910].)

The rules of law applicable to the facts which plaintiff contends are established by the "uncontroverted evidence" in this case are clear. However, plaintiff's contention ignores the findings of the trial court that the allegations upon which she relies are untrue. These findings were based upon substantial evidence from which the court was entitled to conclude that the defendant Holcomb, in the course of his employment by the plaintiff, had rendered services and incurred expenses of the total reasonable value of $13,118.15, for which he had received $690 in cash and a promissory note in the sum of $12,604, which included interest, secured by a deed of trust; that the note and deed of trust were executed by the plaintiff voluntarily, with full knowledge of all the facts involved, understanding the effect of the transaction, and uninfluenced by the relationship existing between herself and the defendant.

There was an abundance of evidence which established that the documents which the plaintiff signed were not "in blank" at the time of their execution, as she alleged. No mention is made of this contention upon her appeal, and it must be assumed she now realizes that her story was incredible.

At this time the plaintiff's complaint centers primarily around the insufficiency of the evidence to sustain the court's finding with respect to the adequacy of the consideration for the note and deed of trust in question. ██ ". . . (i)n exam-

ining the sufficiency of the evidence to support a questioned finding, an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been thought by the trial court to lead to the same conclusion. Every substantial conflict in the testimony is, under the rule which has always prevailed . . . to be resolved in favor of the finding." (*Bancroft Whitney Co.* v. *McHugh*, 166 Cal. 140, 142 [134 P. 1157].)

The extent and value of the defendant Holcomb's services were matters upon which a great deal of evidence was submitted to the trial court and its conclusion with respect thereto finds substantial support in the record.

█ Under the findings in this case the rule of law upon which plaintiff relies, regarding a presumption of insufficient consideration, fraud and undue influence, does not apply and, even if applicable, the proof necessary to overcome the presumption has been supplied.

The judgment as to the defendant Holcomb should be affirmed.

In her opening brief, appellant devotes part of a page contending that the court erred in awarding Scott $500 as attorney's fees, for the defense of the action seeking cancellation of the trust deed under which he acted as trustee. However, this brief never was served on Scott or his attorney, and this fact was pointed out in the reply brief filed by Holcomb, who intimates that the award of attorney's fees to the trustee was made under the provisions of the deed of trust, and charges that appellant's contention "in this regard is as frivolous as her argument is against Holcomb." No reply was made to this charge.

█ The record on appeal, giving the name and address of each attorney representing each defendant, was filed in this court on November 23, 1955. Thereafter, appellant obtained two stipulations from respondent for extensions of time within which to file an opening brief; no stipulation was obtained from the respondent Scott. As stated, appellant's opening brief was served only on Holcomb, by serving his attorney. The same situation prevailed with respect to appellant's closing brief. Service of the former was made on January 16, 1956, and of the latter on May 11, 1956. The first brief was filed on January 17, 1956; the last on May 17, 1956. Oral arguments were set for November 13, 1956, at which appellant and respondent Holcomb were represented.

No appearance was made for Scott and no brief was filed on his behalf. The foregoing facts justify a finding that appellant has abandoned her appeal as to the respondent Scott and, relying upon its inherent power, this court is justified in dismissing that appeal on its own motion. (*Estate of Wunderle,* 30 Cal.2d 274, 279 [181 P.2d 874]; *Graham* v. *Los Angeles First Nat. T. & S. Bank,* 3 Cal.2d 37, 41 [43 P.2d 543].)

The appeal from the judgment in favor of defendant Scott is dismissed. The judgment in favor of the defendant Holcomb is affirmed.

Barnard, P. J., and Mussell, J., concurred.