[Civ. No. 23575. Second Dist., Div. One. Nov. 16, 1959.]

COMMIE D. LEWIS, Respondent, v. SOUTHERN CALIFORNIA EDISON COMPANY (a Corporation), Appellant.

[Civ. No. 23576. Second Dist., Div. One. Nov. 16, 1959.]

GORDON E. FRASER, Respondent, v. SOUTHERN CALIFORNIA EDISON COMPANY (a Corporation), Appellant.

Hunter & Liljestrom and Kenneth H. Clausen for Appellant.

Brock, Easton, Fleishman & Rykoff, Robert L. Brock, Raoul D. Magana and Daniel C. Olney for Respondents.

FOURT, J.—This is an appeal by the defendant in each of the above numbered causes from a judgment for the plaintiff in each case for personal injuries.

In each of the cases plaintiff brought an action for damages for personal injuries allegedly sustained by the negligence of the defendant. The injuries in each instance arose out of the same occurrence.

The cases were consolidated for trial and were heard without a jury. Commie D. Lewis was awarded a judgment in the sum of $28,080.17 and Gordon E. Fraser was awarded a judgment in the sum of $1,000.

A résumé of some of the facts is as follows: Bechtel Company was engaged to construct two separate units of a steam plant for the defendant. Plaintiffs were employed by Bechtel Company as steam fitters. At the time of the accident, Unit Number 2 of the plant was under construction and the work was being done by Bechtel. Unit Number 1 was being operated by the defendant and had been so in operation for some time prior to the accident. In Unit Number 1 plant there were many steam pipes carrying hot water and steam. Bulletins

of the defendant were placed about the unit and elsewhere to the end that the workmen would be notified and informed of the location of the various pipes on which work was to be done. Nothing was to be touched "that was in operation." As to Unit Number 1 equipment, Bechtel employees were not to touch any of the same unless it was red-tagged, which red-tagging would indicate that it was cleared, safe, depressurized and that there was no danger. Such tags could only be placed upon such equipment by a defendant employee.

On Saturday, May 14, 1955, which was not a regular working day, Fraser and Lewis of Bechtel Company were told by their foreman to work on a certain valve which was part of the equipment of Unit Number 1. The work was referred to as a rush job which had to be done right away. The valve to be worked on was red-tagged. The foreman told Fraser and Lewis that the line was clear and secured and that it was "red-tagged." As the two men worked on the valve hot water and steam under pressure came out and as a result both were injured.

The defendant had charge and control of the plant Unit Number 1. It was being operated to produce electrical power commercially. Bechtel Company had nothing to do with the production of the hot water.

The judge, pursuant to a stipulation, visited the premises and made a personal inspection and examination of the various equipment involved in the case.

The court made appropriate findings to the effect that on May 14, 1955, the defendant owned, possessed and managed the premises and facilities and equipment at Unit Number 1 plant; that on May 14, 1955, the plaintiffs were employees of Bechtel Corporation and in the course of their employment worked on the premises of the defendant at Unit Number 1 plant at the express invitation and on the business of the defendant in performing services in connection with the steam lines of the defendant. Further, it was found that the defendant negligently tagged the steam lines to be worked on by the plaintiffs as being safe when in fact they were not safe because they carried scalding hot water. Also, it was found that the defendant negligently operated, maintained and controlled the premises and that as a proximate result thereof plaintiffs were burned and damaged in amounts heretofore set forth. The court also found that it was not true that the plaintiffs, or either of them, failed to exercise ordinary care to avoid the accident and that it was not true that they, or either of them,

opened the valve in their work without regard for their own safety. Also, it was found that neither of the plaintiffs assumed the risk and dangers that existed at the plant.

Appellant contends that the evidence is insufficient to support the findings of the court.

██ The burden is on the appellant to show that the findings lack evidentiary support. (*Barlin* v. *Barlin*, 145 Cal.App. 2d 390 [302 P.2d 457].) ██ We are of the opinion that the record contains ample evidence to support the findings in each case and that the findings support the judgment in each instance. It is not questioned that the plaintiffs were hurt by steam and boiling hot water, which came from a valve "under pressure." The red tag presumably placed on or about the valve in question by the defendant could well have led the plaintiffs to believe that it was safe to proceed with the work of dismantling the valve. The plaintiffs did not proceed recklessly but relied upon the clearance procedures adopted by the defendant and they had good reason to believe that it was safe to proceed.

██ The trial judge viewed and inspected the equipment and on appeal we must assume that the conditions seen at the time of the inspection and the inferences based thereon support the findings. (*Summers* v. *Parker*, 119 Cal.App.2d 214 [259 P.2d 59].) There was evidence from which the trial court could conclude that the defendant carelessly and negligently operated the equipment so that hot water and steam remained under pressure in the equipment when and after it was cleared for work. There was evidence that the defendant knowingly cleared the equipment for work thereon while scalding hot water remained in the equipment without waiting to permit the water to cool. There was also evidence that the defendant negligently tagged the steam lines to be worked on by the plaintiffs as being safe, depressurized and dry when in fact they were not.

██ We must under the circumstances of this case resolve the conflict in the favor of the respondents, if there is any substantial evidence to support the conclusion of the trial judge. (*In re Bristol's Estate*, 23 Cal.2d 221, 223 [143 P.2d 689]; *Richards* v. *Plumbe*, 116 Cal.App.2d 132 [253 P.2d 126]; *Palmer* v. *Holcomb*, 147 Cal.App.2d 94 [305 P.2d 107].)

The judgment in each of the cases is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied December 8, 1959.