[Civ. No. 10138. Third Dist. Nov. 6, 1961.]

JOHN P. DORAN, Appellant, v. SUPREME COURT JUS-
TICE THOMAS P. WHITE et al., Respondents.

John P. Doran, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Albert W. Harris,
Deputy Attorney General, for Respondents.

SCHOTTKY, J.—John P. Doran has appealed from a
judgment entered in favor of Thomas P. White after Justice
White's demurrer to Doran's complaint was sustained without
leave to amend.

Doran brought an action against Justice White and
others for damages based on allegedly illegal attempts to pre-
vent Doran from proceeding further in an action to set aside
an allegedly void judgment. The complaint alleges that Jus-
tice White permitted himself to be used by codefendants Otto
A. Hoecker and Jack Hayes and joined them in their attempt
to scare and blackmail the plaintiff.

The demurrer to the complaint filed by Justice White states
that the complaint did not state facts sufficient to state a cause

of action and that it was uncertain, ambiguous and unintelligible.

It is clear that the complaint does not state a cause of action. No facts are stated to indicate what acts of Mr. Justice White, if any, were a wrong against Doran. It is also clear that the complaint is ambiguous, uncertain and unintelligible. The demurrer was properly sustained.

Appellant filed his notice of appeal on August 2, 1960, and the clerk's transcript on appeal was filed in this court on November 15, 1960. Appellant has filed no brief in support of his appeal and did not appear at the time the case was on the calendar for oral argument. A letter was sent to appellant by the clerk of this court in accordance with rule 17, subdivision (a), of the Rules on Appeal, notifying appellant that the appeal would be dismissed if his opening brief was not filed within 30 days. Thereafter appellant was granted six successive extensions of time and the final 30-day extension expired on August 14, 1961.

As stated in 4 California Jurisprudence 2d, at page 332, ''Failure of an appellant to file a brief may be deemed an admission that no cause for reversal exists.'' The failure to file a brief in support of an appeal justifies an appellate court in assuming that the appeal has been abandoned and in dismissing the appeal on its own motion. (*Palmer* v. *Holcomb*, 147 Cal.App.2d 94, 100 [305 P.2d 107] ; *Engineering etc. Corp.* v. *Longridge Inv. Co.*, 153 Cal.App.2d 404 [314 P.2d 563].) The appeal is therefore dismissed.

Peek, P. J., and Pierce, J., concurred.

A petition for a rehearing was denied November 30, 1961.