PEARSON, Judge.
The appellee brought an action in equity against the appellant (her landlord) and others for a decree declaring her rights under a lease. As additional relief the plaintiff prayed for an injunction against the landlord and others to prevent the defendants from violating an alleged exclusive right of the plaintiff to sell “delicacies and food for consumption on the premises or otherwise.”
The additional relief prayed was based entirely upon oral promises which the tenant testified were made prior to the entry by the parties into the written lease. The Chancellor found that the court could not re-write the lease between the parties but that “in equity” the oral agreement should be enforced, even though it was not in any way included in the written document. From a final decree enjoining the landlord from renting an adjacent store room for the sale of food and foodstuffs to be prepared and consumed on the premises or otherwise during the term of plaintiff’s lease, the defendant-landlord appeals. The effect of the decree was to add a restrictive covenant to the lease preventing the leasing of any of the remaining portions of the premises for a business activity which would in any way compete with the plaintiff. The plaintiff failed to allege facts constituting fraud, deception, mistake or overreaching. The Chancellor did not find any of these grounds for reformation to have been established. Verbal agreements as to the terms of a lease of lands *715 cannot vary the terms of the lease as subsequently reduced to writing. Fletcher v. Moriarty, 62 Fla. 482, 56 So. 437; Camichos v. Diana Stores Corporation, 157 Fla. 349, 25 So.2d 864; Schwartz v. Zaconick, Fla.1953, 68 So.2d 173; Bell Corp. v. Bahama Bar & Restaurant, Inc., Fla.1954, 74 So.2d 292; Stockton Dry Goods Co. v. Girsh, 36 Cal.2d 677, 227 P.2d 1, 22 A.L.R.2d 1460.
Reversed.
CARROLL, CHAS., C. J., and HORTON, J., concur.