[Civ. No. 23158. Second Dist., Div. Two. Sept. 12, 1958.]

CABANA NUTRIA, INC. (a Corporation), Appellant, v. THE WAY, INC. (a Corporation) et al., Defendants; W. S. CURTIS AND ASSOCIATES et al., Respondents.

486

Julius A. Leetham for Appellant.

Philip J. West for Respondents.

ASHBURN, J.—Plaintiff appeals from two orders which have the effect of denying a preliminary injunction, dissolving a temporary restraining order and vacating upon the court's own motion the entry of default of defendant, The Way, Inc.

Plaintiff seeks to enjoin performance of an agreement between defendants W. S. Curtis and Associates and The Way, Inc., which is asserted to be violative of its own rights under an existing contract between plaintiff and defendant, The Way, Inc. Plaintiff's contract confers upon The Way, Inc. exclusive distributorship of plaintiff's nutria animals within certain specified counties of southern Florida. The distributor is named in the document as "The Way, Inc. (Victor P. Wierwille, Pres.) dba Cabana Nutria of Southern Florida." Paragraph 7 says: "Distributor will buy and sell Nutria supplied to him by Corporation exclusively, and will not buy or sell Nutria from any other company, corporation or individual, except the Nutria supplied by Corporation." Giving this language universal import plaintiff claims that the contract between the Curtis company and The Way, Inc. (actually made before knowledge of plaintiff's contract) invaded its own rights and should be enjoined as unfair competition or on some similar ground. The Curtis agreement appoints The Way, Inc. as its distributor of nutria within an exclusive territory in the western portion of the state of Ohio. The distributor therein agrees to sell only nutria supplied by Curtis.

Section 1648, Civil Code, governs this case: "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." (See also *Eastman Oil etc. Corp.* v. *Lane-Wells Co.,* 21 Cal.2d 872, 873 [136 P.2d 564]; *Newby* v. *Anderson,* 36 Cal.2d 463, 470 [224 P.2d 673]; *Southern Cal. Gas Co.* v. *Ventura etc. Co.,* 150 Cal.App.2d 253, 257-258 [309 P.2d 849].) The language of paragraph 7 of plaintiff's agreement cannot be fairly construed to prevent The Way, Inc., from doing business outside of Florida or to require it in Ohio or other

states to buy its supplies from plaintiff. These things were not within the purview of the contract. ██ A promise to do no business outside the prescribed Florida territory, or to do no business with anyone but plaintiff in other states, cannot be implied unless it comes within one of the categories specified in *Stockton Dry Goods Co.* v. *Girsh,* 36 Cal.2d 677, 681 [227 P.2d 1, 22 A.L.R.2d 1460] : "A condition cannot be read into a contract as to which the parties might well be deemed to have remained intentionally silent. (*Foley* v. *Euless,* 214 Cal. 506, 511 [6 P.2d 956].) With citation of that and other cases, the court in *Cousins Inv. Co.* v. *Hastings Clothing Co.,* 45 Cal. App.2d 141, 149 [113 P.2d 878], summarized the rules when covenants may be implied as follows: ' (1) the implication must arise from the language used or it must be indispensable to effectuate the intention of the parties; (2) it must appear from the language used that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it; (3) implied covenants can only be justified on the grounds of legal necessity; (4) a promise can be implied only where it can be rightfully assumed that it would have been made if attention had been called to it; (5) there can be no implied covenant where the subject is completely covered by the contract.' (See Civ. Code, § 1648.)" Such is not the case here. ██ "The purpose of a writing must be ascertained solely from a common-sense meaning of it as a whole with a view to effectuate the mutual intention of the parties." (*Broome* v. *Broome,* 104 Cal.App.2d 148, 157 [231 P.2d 171].) The lower court correctly ruled that plaintiff is not entitled to an injunction upon the facts shown by the record herein.

Appellant's argument that there was error in vacating the default of The Way, Inc., cannot be considered for appellant has waived its appeal from that portion of the order.

The agreement between plaintiff and The Way, Inc., says: "It is further agreed that the within contract is to be performed at Arcadia, County of Los Angeles, California. Both parties, Distributor and Corporation, expressly consent to the jurisdiction of the California Court having the venue of this matter in accordance with the foregoing, so long as either party, Distributor or Corporation, receive actual service of process." The record shows personal service within the state of Ohio of summons and complaint, order to show cause and supporting affidavits upon the president of The Way, Inc., a corporation. This probably constituted a valid basis for a personal judgment against that defendant. (See *Smith* v.

*Moore Mill & Lumber Co.*, 101 Cal.App. 492, 494-495 [281 P. 1049] ; *Solot* v. *Linch,* 46 Cal.2d 99, 104 [292 P.2d 887] ; Code Civ. Proc., § 406; 40 Cal.Jur.2d, § 20, p. 49; 72 C.J.S., § 38a, p. 1047.) Said defendant did not appear at the hearing of the order to show cause why an injunction should not be granted. After that motion had been denied and the temporary restraining order dissolved, plaintiff moved the court for a rehearing, directing the notice of motion to defendants W. S. Curtis and Associates, William S. Curtis and their attorney, but not to The Way, Inc. No service of this notice was made or attempted to be made upon that corporation. It was in connection with the ruling on this motion that the court vacated the default of The Way, Inc. upon its own motion. The opening brief of appellant filed in this court shows that it was served only upon the attorney for said respondents Curtis. Only those respondents have filed a brief herein.

 Of course it is no longer necessary to serve a notice of appeal. Before the statute was thus amended, failure to serve the notice upon any of the successful opponents worked a waiver or abandonment of the appeal as to the party or parties not served. (2 Hayne on New Trial and Appeal (rev. ed.), § 210, p. 1117 et seq.) Under existing rules failure to serve appellant's opening brief upon any adversary effects the same result and the court in the exercise of its inherent power may dismiss the appeal on its own motion so far as concerns the respondent who has not been served with the brief. (*Palmer* v. *Holcomb,* 147 Cal.App.2d 94, 99-100 [305 P.2d 107] ; *Brooks* v. *Duskin,* 159 Cal.App.2d 629, 634-635 [324 P.2d 351].) However, as a dismissal works an affirmance, it will suffice in this case to affirm the order in its entirety.

The orders now on appeal are affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 5, 1958.