PER CURIAM.
Appellant seeks review of an adverse declaratory decree construing its rights under a shopping center lease. The specific question involved is whether the lease provisions permit the landlord to cancel another lease with a different tenant in the shopping center and re-lease the latter tenant’s space to a new tenant for the operation of another department store which will compete with appellant’s operation of a similar facility.
In ruling that the landlord was not prohibited by the terms of its lease with appellant from doing so, the chancellor rejected appellant’s contention that the lease provisions gave it an exclusive on the operation of a department store in the center.
We approve the chancellor’s statement of the controlling law of this case found in his well reasoned opinion which states:
“The law of Florida is well settled that a restrictive covenant as to property retained by a lessor must be evidenced by a clearly and positively expressed intention. Norwood Shopping Center, Inc. v. M. K. R. Corporation (3 D.C.A.1961) 135 So.2d 448; Parkleigh House, Inc. v. *750 Wahl (3 D.C.A.1957) 97 So.2d 714; Fountainebleau Hotel Corp. v. Kaplan (Fla.App.3d 1959) 108 So.2d 503.”
We have considered the record, briefs, and argument in this cause, and it does not appear that the chancellor committed reversible error in the entry of the decree appealed from; and the same is therefore
Affirmed.
WIGGINTON, Acting C. J., and JOHNSON and SPECTOR, JJ., concur.