ROGER LEE, INC., a Florida corporation, Plaintiff-Appellant,

v.

TREND MILLS, INC., a Georgia corporation, Defendant-Appellee.

No. 26805

Summary Calendar.

United States Court of Appeals Fifth Circuit.

May 6, 1969.

———◆———

Julian R. Benjamin, Cassel & Benjamin, Miami, Fla., for appellant.

Daniel Neal Heller, Miami, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

█ This appeal [1] is from the district court's order granting judgment on the pleadings [2] in favor of the defendant-appellee based upon the Florida statute of limitations after the Florida statute was pleaded as an affirmative defense. We affirm.

This suit, commenced in a Florida state court and properly removed to the district court below by reason of diversity of citizenship [3], was founded on a claim of breach of implied warranty as to the quality and condition of carpets manufactured by the appellee and sold to the plaintiff. The original complaint contained a demand for punitive damages, which was stricken upon motion. Appellant amended his complaint by adding six paragraphs to it. A new separate count was not added but punitive damages were again sought. In essence, the amendment alleged that appellee was grossly negligent in placing certain labels on the carpets sold to appellant because the labels belonged to another person and further alleged gross negligence in using certain named labels on the carpets without the consent of the owner of the labels. The amendment also alleged that the appellee mislabeled and manufactured the carpets in reckless disregard of the consequences inherent in the delivery of the carpets to the appellant. No injury to appellant was alleged as a result of appellee's alleged negligence. The amendment and the claim for punitive damages were stricken upon motion.

The appellee then filed its answer alleging the statute of limitations [4] and moved for judgment on the pleadings. This motion was granted, and final judgment was entered in favor of appellee against the defendant. This appeal followed.

█ It is clear that the cause of action for breach of warranty is an action purely ex contractu under Florida law. Carter v. Hector Supply Co. (Fla.1961), 128 So. 2d 390; Public Administrator of New York County v. Curtiss-Wright Corp. (S.D.N.Y.1963), 224 F.Supp. 236. To such actions the Florida three-year statute of limitations, Section 95.11(5) (e), supra, clearly applies.[5]

█ But appellant argues that its complaint as originally drawn and again as amended, alleged a tort cause of action to which the Florida four-year statute of limitations [6] applied. We hold that appellant did not allege a tort cause of action and could not claim punitive damages. Griffith v. Shamrock Village, Inc. (Fla. 1957), 94 So.2d 854, and Fontainebleau Hotel Corp. v. Kaplan (Fla.App.1959), 108 So.2d 503.

█ *Griffith,* supra, holds that irrespective of the defendant's motive punitive damages are not as a general rule recoverable in an action for breach of contract. Nevertheless, where the acts constituting a breach of contract also amount to a willful, independent tort, punitive damages are recoverable. Since the validity of a claim to punitive damages requires an allegation of the existence of an independent, willful tort, ap-

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

2. Rule 12(c), Federal Rules of Civil Procedure.

3. Title 28 U.S.C. Section 1332.

4. Florida Statutes, Section 95.11(5) (e), F.S.A.

5. *See* Creviston v. General Motors Corp. (Fla.App.1968), 210 So.2d 755:
   "We are of the opinion that the statute of limitations in this case is three years, based on Section 95.11(5) (e). An implied warranty is an action found on contract not in writing and normally on actions on contracts the limitations usually commence to run when the cause of action accrues."

6. Florida Statutes, Section 95.11(4), F.S.A.

pellant was not entitled to claim punitive damages if it failed to allege a tort cause of action.

The *Fontainebleau Hotel* case involved a claim for breach of a written agreement signed by the lessor agreeing to refer all inquiries for medical attention by guests and all workmen's compensation cases arising by reason of injuries sustained by employees of the lessor hotel to the lessee doctor. Instead the lessor referred medical inquiries to another doctor who rented office space from it, and permitted that doctor to put up signs indicating his presence as a doctor on the premises. The lessee brought suit claiming breach of contract and commission of a tort for which punitive damages were sought, and the lower court awarded punitive damages. On appeal the Third District Court of Appeal of Florida held that the lessee's suit was for breach of contract notwithstanding the fact that the lessor breached the lease willfully and flagrantly.

> "Although the chancellor found this violation to be willful and flagrant, it does not appear that the acts complained of also constitute a tort." 108 So.2d at page 505.

The court further held that because no tort cause of action was alleged the lessee was not entitled to punitive damages.

Here, as in *Fontainebleau*, the complaint alleged that the contracts were breached by the appellee willfully and flagrantly.

Based on these authorities we think it is clear that no tort cause of action was alleged in the complaint as originally framed and therefore the claim for punitive damages was properly stricken by the district court. Since the complaint only claimed damages for breach of warranties, the cause of action was barred by Florida Statutes, Section 95.11(5) (e), F.S.A. *Creviston, supra.*

With respect to the amendment, the appellant is in no better shape. The amendment does not allege what injury the appellant suffered by reason of appellee's negligent mislabeling, nor does it allege that any injury to the appellant was proximately caused by the appellee's negligence. Absent such allegations, actionable negligence was not pleaded. 23 Fla.Jur., Negligence, § 9; City of Green Cove Springs v. Donaldson (C.A. 5, 1965), 348 F.2d 197; Williams v. Youngblood (Fla.App.1963), 152 So.2d 530; McWhorter v. Curby (Fla.App.1959), 113 So.2d 566; Westbrook v. Bacskai (Fla. App.1958), 103 So.2d 241.

Additionally, the amendment alleged no injury to the plaintiff but only to the alleged owner of the labels. If this constituted a cause of action, it must be asserted by the owner of the labels not by this appellant.

The face of the complaint shows the date of the last sale to be December 1964 and the date of the discovery of the breaches of implied warranties to be January 1965. The complaint was filed in the state court on February 19, 1968, more than three years later. The affirmative defense of the statute of limitations having been pleaded, the district court correctly granted judgment on the pleadings. That judgment is

Affirmed.