274 So.2d 29 (1973)
INTERNATIONAL EXPOSITIONS, INC., d/b/A Greater Miami International Auto Show, Appellant,
v.
CITY OF MIAMI BEACH, Florida, and the Greater Miami Automobile Dealers Association, D/B/a Greater Miami International Auto Show, Appellees.
No. 72-392.
District Court of Appeal of Florida, Third District.
March 6, 1973.
*30 Salley, Barns, Pajon & Immer and James F. Dougherty, II, Miami, for appellant.
Joseph A. Wanick, City Atty., and Lionei Barnet, Asst. City Atty., Quinton, Leib & Aurell and Paul C. Huck, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
The appellant held an automobile show at the Miami Beach Convention Hall in February of 1968, 1969 and 1970. The use of the Convention Hall on each of these occasions was pursuant to an independent contract with the appellee. On August 5, 1970, the appellant entered into a new contract with the appellee, City of Miami Beach, for the use of the Hall to hold its show. Said contract was for a five-year period, reserving the Convention Hall for the appellant's use early in the month of February for the years 1971 through 1975. The contract did not give the appellant the exclusive right to hold an automobile show in the Convention Hall.
The appellant held its show in February of 1971 without incident. On or about June 18, 1971 the appellee, Greater Miami Automobile Dealers Association, being desirous of putting on its own automobile show in November of 1971, contacted the City of Miami Beach regarding leasing of the Convention Hall. All parties recognized that the Greater Miami Automobile Dealers Association show would be in competition with the appellant's show in February, 1972, and would probably be detrimental to that show. However, inasmuch as the appellant was not granted an exclusive right to stage an automobile show at the Convention Hall, the City of Miami Beach entered into a contract with the Greater Miami Automobile Dealers Association permitting it to hold its show in November, 1971 at the Convention Hall. Subsequent to this show, the appellant contacted the City of Miami Beach informing the City that the appellant considered the City's action in leasing the Convention Hall to the Greater Miami Automobile Dealers Association for its show to be a breach of the City's contract with the appellant, and that the appellant would not perform under the contract.
Thereupon, the appellant brought the instant suit, seeking compensatory and punitive damages against the City for breach of contract and against the Greater Miami Automobile Dealers Association for the malicious, intentional, and wanton destruction of the contractual relationship between the City of Miami Beach and the appellant. The City of Miami Beach counterclaimed for damages for breach of contract on the part of the appellant. The City of Miami Beach and the Greater Miami Automobile Dealers Association both moved to dismiss the complaint on the grounds that the complaint failed to state a cause of action and that the appellant was estopped to raise issues herein which were determined adverse to the appellant in an almost identical case previously filed in the United States District Court for the Southern District of Florida. After hearing on the motions, the trial court entered an order dismissing the appellant's complaint with prejudice followed by a final judgment. This appeal ensued.
Appellant, in negotiating for its five-year lease with the City of Miami Beach, had an opportunity to obtain an exclusive right to present automobile shows at the Hall. The law is quite clear that courts may not rewrite, alter, or add to the terms of a written agreement between the parties and may not substitute their judgment for that of the parties in order to relieve one from an alleged hardship of an *31 improvident bargain. Home Development Co. v. Bursam, Fla. 1965, 178 So.2d 113; The Parkleigh House, Inc. v. Wahl, Fla. App. 1957, 97 So.2d 714.
In the case of The Parkleigh House, Inc. v. Wahl, supra, a lessee sought a declaratory decree and an injunction in equity to prevent the lessor from leasing its remaining premises to another business which would compete with lessee's food business. There was no written clause in the parties' contract giving the lessee an exclusive right to sell food stuffs in the leased premises. However, the lessee claimed that it had such an exclusive right based upon certain oral promises made prior to the execution of the lease. This court rejected plaintiff's claim, holding that such a restrictive covenant preventing the lessor from leasing the remaining premises to plaintiff's competitor could not be written into the lease by the courts. A similar holding is found in Furchgott's Inc. v. Jacobs, Fla.App. 1967, 199 So.2d 749.
The contract with the City of Miami Beach clearly reveals an absence of circumstances upon which the appellant could support a claim for relief. Therefore, the court quite properly dismissed the complaint with prejudice. David's Sandwich Shop, Inc. v. Wometco Vending of South Florida, Inc., Fla.App. 1969, 220 So.2d 639. The appellant, not having bargained for and paid the City of Miami Beach for the exclusive right to use its Convention Hall, has no cause of action against the City for leasing its facility to others who desired its use.
The Convention Hall is operated by the City and its costs are to be partially offset through revenues derived from the facility and, therefore, it is incumbent upon the City to keep it in use as much as possible. The City being free to contract as it pleased without breaching its agreement with the appellant, we do not find that the action of the Automobile Dealers constituted a tortious interference with any contractual right of the appellant. Clearly there was no interference with any contractual right because no exclusive existed. The appellant and the Automobile Dealers are competitors and the law recognizes competition between competitors, and if there is an interference with a non-exclusive right this is a privileged interference. See: Zoby v. American Fidelity Company, 4th Cir.1957, 242 F.2d 76, wherein the court stated as follows:
* * * * * *
"* * * Where the alleged interferer is a financially interested party and such interest motivates his conduct, it cannot be said that he is an officious or malicious intermeddler. See Kurtz v. Oremland, 33 N.J. Super. 443, 111 A.2d 100; Restatement of Law of Torts, Sec. 769."
* * * * * *
See also: Martin v. Texaco, Inc., Dist.Ct., Miss., S.D. 1969, 304 F. Supp. 498.
Therefore, we affirm the action of the trial judge here under review.
Affirmed.