HUBBART, Judge
(dissenting).
I must respectfully dissent. I would affirm in all respects the trial court order under review- — which denied to the wife’s counsel the payment of expenses not amounting to taxable court costs — because the subject agreement between the parties, upon which costs herein were sought, does not provide for same. At issue here is how one interprets the subject agreement relating to costs; I differ with my distinguished colleagues in their interpretation thereof.
I
Read in its entirety, I would interpret the “court costs” section of the agreement under discussion as one which provides, in effect, that the husband must pay the wife’s counsel $4,136.89 (less a $1,000 credit) for court costs advanced by the wife’s counsel in connection with the case — subject to one condition, namely, that the wife furnish the husband with a statement of court costs substantiating the expenditure of said costs. In the instant case, the wife furnished the husband with a statement substantiating the expenditure of $1,902.09 in court costs as per the agreement; the husband promptly paid that amount and owes no more.
A
First, the section of the agreement in question is plainly entitled “court costs.” Although I agree with the court that this does not end our inquiry, it is certainly a persuasive indication that the parties were speaking solely to the subject of court costs in this section and not, as urged, to the subject of all costs advanced by counsel in the case. If the latter were true, one would expect that the parties would have entitled this section “costs,” instead of “court costs.” Indeed) it is a well-settled principle of contract law that
*107 “If one subject is specifically named [in a contract], or if several subjects of a larger class are specifically enumerated, and there are no general words to show that other subjects of that class are included, it may reasonably be inferred that the subjects not specifically named were intended to be excluded. This was expressed in the Latin maxim expressio uni-us est exclusio alterius.” 3 Corbin on Contracts § 552, at 206 (1960) (footnote omitted) (emphasis added).
B
Second, a review of the text of the “court costs” section reenforces the above-stated view. The first sentence of the section provides that the husband must pay the wife’s counsel the sum of $4,136.89, “according to [a] statement to be furnished to Husband, to reimburse them for costs advanced in the above referenced cause less credit' in the amount of $1,000.00 advanced by the Husband.” (emphasis added). The second sentence of the section, in turn, defines the term “costs” used above as follows:
“That Wife represents to Husband that said costs are for Court Reporters, filing fees, Sheriff’s service, process service and only matters relating to the Wife’s costs and does not relate to any investigatory fees that may have been incurred by Wife’s counsel.”
The enumeration of the above-stated court reporter’s expenses, filing fees, sheriff’s service fees, and process service fees would appear, at first glance, to confine the term “costs” to just those items of admittedly taxable court costs. The parties, however, were obviously referring to court costs in general, and not just those enumerated court costs, as the list of specific court costs is followed by the phrase “and only matters relating to the Wife’s costs,” specifically excluding investigatory fees. Here, I think the general term “costs” in this phrase was meant to describe generically the general subject of the preceding specific illustrations, to wit: court costs; it was not meant to describe, as urged, every expense incurred by counsel in the case, else the parties would have said so in more specific language. I am supported in this view by the following well-settled principles of contract law:
“In interpreting a word or phrase [in a contract], assistance can often be obtained from other words or phrases that are combined with it in a series. Noscitur a sociis; it is known by the company it keeps. This is merely a phrase of the more general rule that the contract must be interpreted as a whole. The rule is merely one in many and frequently must yield to other more pressing considerations. The same is true of the rule referred to by the phrase ejusdem generis, whereby a general term in a contract is often held to be limited by accompanying specific illustrations. To be included within the ‘general’ word or phrase, anything not specifically mentioned must have a reasonable degree of similarity to those mentioned.” 3 Corbin on Contracts § 552 at 203-04 (1960) (footnotes omitted) (emphasis added).
Moreover, I see no terms, general or specific, in this “court costs” section which can be fairly said to describe non-court costs expenses of any variety.
C
Plainly, then, the “court costs” section of the subject agreement obligated the husband to pay the wife’s counsel $4,136.89 (less a $1,000 credit) for court costs advanced by the wife’s counsel in this case, subject to one condition, to wit: that the wife supply the husband with a statement substantiating the expenditure of those costs. The wife supplied a statement substantiating the expenditure of $1,902.09 in court costs. The husband paid that amount and owes no more. He is not required, as urged, to pay for every item of expense the wife’s counsel incurred in the case, save investigative expenses, which counsel chose to place on the supplied statement. As such, the trial court was eminently correct in denying the wife’s motion to require the husband to pay for non-court cost expenses.
II
By today’s decision, however, the husband is now required to pay for all the items of *108 expense which counsel incurred in the case and chose to place on the subsequently supplied statement to the husband, excluding, apparently, two items of investigative expenses.[1] Included therein are items of expense which, to me, seem beyond the bounds of any reasonable construction of this contract.
First, the husband will be required to pay for personal expenses incurred not by counsel, but by the wife in moving her residence.[2] Perhaps, as counsel suggests, this personal expense was indirectly related to certain orders entered in the case; it can hardly be argued, however, that the parties intended to cover the payment of such purely personal expenses incurred by the wife, rather than counsel, in the “court costs” section of the subject agreement.
Second, the husband will be required to pay for expenses incurred by the wife’s counsel which, to me, come under the heading of general office overhead, to wit: overtime secretarial expenses, xerox and postage expenses, long distance telephone calls, and mileage and parking fees for counsel while .attending court hearings.[3] I do not fault counsel for charging these expenses to his client, as is his practice, because that is a matter of contract between the respective parties. It is difficult to understand, however, the quantum leap which concludes that these items of routine office expense were somehow contemplated by the parties to be paid by the husband under the “court costs” section of this agreement. If that quantum leap be correct, presumably counsel could have also factored in other items of general office overhead such as office rent, electricity and office salaries. I do not think the parties contemplated that general office overhead would be covered by this agreement.
None of the above items of non-court cost expenses, then, are mentioned, either generally or specifically, in the “court costs” section of the subject agreement. To read these items of expense into the agreement, as the court now does, is to distort the true intention of the parties and, in effect, to re-write the contract. We are precluded by law from doing so. Home Development Co. of St. Petersburg v. Bursani, 178 So.2d 113, 117 (Fla.1965); Jefferson Insurance Co. v. Fischer, 166 So.2d 129, 130 (Fla.1964); Haenal v. United States Fidelity & Guaranty Co. of Baltimore, 88 So.2d 888, 890 (Fla. 1956); International Expositions, Inc. v. City of Miami Beach, 274 So.2d 29, 30-31 (Fla. 3d DCA 1973).
I would affirm.

. The cost statement furnished by the wife to the husband contains two entries for investigative expenses, one for $22.19 [cost statement, p. 1] and another for $20 [cost statement, p. 2]

. The cost statement furnished by the wife to the husband lists $450 for this expense, [cost statement, p. 2], Counsel apparently was kind enough to advance the wife the funds necessary to pay for this expense.

. The cost statement furnished by the wife to the husband contains: (1) six entries for overtime secretarial expenses [Downtown Secretarial Service]: $15.00, $47.00, $29.87, $42.00, $212.16, $350.00 [cost statement, p. 1-3]; (2) five entries for Xerox expenses: $21.00, $13.00, $6.00, $26.65, $319.50 [cost statement, pp. 1-2], and one entry for Xerox and postage expenses: $49.83 [cost statement, p. 3]; (3) one entry for long distance toll charges: $2.75 [cost statement, p. 1]; and (4) three entries for parking and mileage: $10.60, $7.40, $3.00 [cost statement, p. 1].