42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VIDEO VOICE, INC., Plaintiff-Appellee,
v.
NEW WORLD ENTERTAINMENT, LTD., Defendant-Appellant.
 No. 93-55442.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Dec. 7, 1994.
 
 1
 Before: FLETCHER, and FERNANDEZ, Circuit Judges, and SEDWICK,*
 
 
 2
 MEMORANDUM**
 
 
 3
 Video Voice, Inc. ("Video Voice") contracted with New World Entertainment, Ltd. ("New World") for the distribution of a movie entitled THE GUNRUNNER. The contract, or Distribution Agreement as the parties styled it, included a provision requiring New World to pay a $250,000 bonus to Video Voice if certain specified conditions were met as allowed in paragraph 7 of the Distribution Agreement.
 
 
 4
 New World appeals the district court's judgment for Video Voice holding that, as a matter of law, Video Voice was entitled to the $250,000 bonus. New World also appeals the jury verdict for Video Voice on the question of whether New World improperly charged for "picture enhancements" in excess of the maximum allowed by the Distribution Agreement. New World contends that (1) the district court erred by concluding as a matter of law that Video Voice had a right under the Distribution Agreement to make up the shortfall in video cassette sales in order to trigger payment of the $250,000 bonus; and (2) there is insufficient evidence to support the jury's finding that New World deducted improperly, from amounts paid to Video Voice, more than the $150,000 maximum in allowable expenses for picture enhancements. We reverse and remand in part, and affirm in part.
 
 I.
 
 5
 Paragraph 7 of the Distribution Agreement provided that Video Voice was to receive a bonus of $250,000 if net sales reached 50,000 units. The bonus was "not ... payable until the expiration of eighteen (18) months after New World's Domestic street availability date (December 13, 1990) for the picture when such 'sales' are recalculated taking into account all returns to date to determine if the requisite Fifty Thousand (50,000) unit level has in fact been met." Video Voice was also entitled to receive the $250,000 bonus based upon gross sales, payable immediately, if at any time between twelve months and eighteen months from street availability, "actual sales" exceeded 55,000 units. It is undisputed that gross sales never reached 55,000. Net sales as of December 13, 1990, were 49,323. The contract says utterly nothing about the ability of Video Voice to tender cash at the time of the recalculation.
 
 
 6
 Except under specified circumstances, courts will not add terms about which the contract is silent. See Stockton Dry Goods v. Girsh, 36 Cal.2d 677, 227 P.2d 1 (Cal.1951). Thus, terms may be implied only if the following conditions are satisfied: (1) the implication must arise from the language used or it must be indispensable to effectuate the intention of the parties; (2) it must appear from the language used that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it; (3) implied covenants can only be justified on the grounds of legal necessity; (4) a promise can be implied only where it can be rightfully assumed that it would have been made if attention had been called to it; and (5) there can be no implied covenant where the subject is completely covered by the contract. Stockton Dry Goods, 36 Cal.2d at 680; Hinckley v. Bectel Corp., 41 Cal.App.3d 206, 211, 116 Cal.Rptr. 33, 36 (Cal.App.1974); see also Walnut Creek Pipe Distrib., Inc. v. Gates Rubber Co. Sales Div., 228 Cal.App.2d 810, 816, 39 Cal.Rptr. 767, 771 (Cal.App.1964) (courts should not supply additional terms, except in cases of "obvious necessity.").
 
 
 7
 At least several of these five conditions are not met here. To begin with, the language used in the Distribution Agreement implies nothing about the right of Video Voice to tender payment for any shortfallen volume of units, nor is it necessary to imply anything to effectuate the intention of the parties to pay a bonus if sales reached the 50,000 unit level. Video Voice could have (indeed almost did) enjoy that sales level through New World's ordinary sales to third parties. Next, it cannot be said that Video Voice's right to tender was so clearly in the parties' contemplation that they did not need to say anything about it. There is no evidence whatsoever to support that conclusion. Similarly, there is no evidence from which it appears that as a matter of legal necessity the right to tender must be implied.
 
 
 8
 The post-hoc absence of apparent economic harm upon which the district court rested its decision does not warrant altering the parties' contract. The court cannot know all of the considerations which went into the negotiation of the precise terms of the contract. By supplying a term for which the parties did not bargain after the contract agreement had been executed, the district court was rewriting the Distribution Agreement even if the court saw no economic harm in doing so.
 
 II.
 
 9
 New World also appeals the jury verdict finding that New World deducted improperly, from amounts paid to Video Voice, more than the $150,000 maximum in allowable expenses for picture enhancements. Our review of the record shows substantial evidence to support the jury's verdict on this issue. See Davis v. Mason County, 927 F.2d 1473, 1486 (9th Cir.1991), cert. denied, 112 S.Ct. 275 (1991).
 
 III.
 
 10
 Accordingly, we reverse the district court's judgment on the bonus issue, and remand to the district court to enter judgment in favor of New World and against Video Voice, consistent with this ruling. We affirm, however, the jury verdict on the picture enhancement issue. The parties shall bear their own costs on appeal.
 
 
 11
 REVERSED and REMANDED in part; AFFIRMED in part.
 
 
 
 *
 Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3