# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0003
Lower Tribunal No. 16-10975 CC
_____

**Chantilly Condominium, Inc.,**
Appellant,

vs.

**Hellas Engineering, Inc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Roberson | Sweeting, and Yolly Roberson, for appellant.

Teressa Maria Tylman, P.A., and Teressa M. Tylman, for appellee.

Before LOGUE, HENDON and BOKOR, JJ.

BOKOR, J.

Here, a contract dispute between Chantilly Condominium, Inc. and Hellas Engineering, Inc. for nonpayment of engineering services resulted in a lawsuit filed in county court in 2016.  This lawsuit lasted over six years in the trial court, involved two trial judges, and engendered a 2200-plus-page record on appeal.  After a five-day bench trial on damages, the trial court entered the final judgment in favor of Chantilly now on appeal.  We affirm the final judgment in all respects except for one line item of the damages calculation.

First, we note that although Chantilly appeals not only the final judgment but also specifically the entry of partial summary judgment in Hellas' favor as to liability, the arguments presented solely go to the amount of damages.  Accordingly, we affirm the partial summary judgment and the finding of liability without further comment.  Next, we affirm the trial court's damages calculations and findings pertaining thereto, with one exception.  The only issue with the trial court's detailed and well-reasoned findings contained in the final judgment relates to a line item of damages in the amount of $5,500.00 for an unpaid December 2015 invoice which, on its face, sought $1,236.47.

In January 2016, the parties modified the original services contract to change the rate of payment from a $5,500.00 monthly flat fee to a fee of 8%

2

of actual construction costs.  That the parties intended to be bound by this agreement is evidenced by invoice 110 wherein Hellas initially billed Chantilly for December 2015 services in the amount of $1,236.47 rather than the $5,500.00 fee.  Invoice 110 specifically references the new January 2016 rate when billing for the December 2015 services.[1]  While the 2016 contract is silent on retroactive application, the record evidence unambiguously reflects that Hellas billed Chantilly for December 2015 services on January 19, 2016 at the new, bargained-for contract rate.[2]  Hellas is owed the amount

---

[1]  The invoice contains, in all caps, the disclaimer, "NEW BILLING EFFECTIVE DECEMBER 2015 PER CONTRACT SIGNED 1-14-2016." Accordingly, to the extent there is any ambiguity as to the application of the new contract terms to the December bill, that ambiguity is resolved on the face of the invoice.  Kiwanis Club of Little Havana, Inc. v. de Kalafe, 723 So. 2d 838, 841 (Fla. 3d DCA 1998) ("A written contract can be modified . . . by the parties' course of dealing.").

[2]  In the underlying action, Hellas sought the larger $5,500.00 fee under the 2015 contract which is reflected in the final judgment.  However, the 2016 contract required no ratification and contained no provision permitting a snap back to the 2015 contract terms in the case of nonpayment.  Therefore, we reject Hellas' attempt to characterize the original invoice as a discount, as opposed to an invoice under the operative agreement between the parties. There is no legal or contractual support for Hellas' arbitrary remedy of reissuing the invoice under the 2015 terms when the original invoice wasn't paid.  Rather, the record reflects that the parties modified the 2015 contract, and Hellas billed Chantilly accordingly under the 2016 contract terms. Because Chantilly didn't pay, Hellas is owed what it originally billed, but no more.  As this court explained, "[t]he law is quite clear that courts may not rewrite, alter, or add to the terms of a written agreement between the parties and may not substitute their judgment for that of the parties in order to relieve one from an alleged hardship of an improvident bargain."  Int'l Expositions, Inc. v. City of Miami Beach, 274 So. 2d 29, 30–31 (Fla. 3d DCA 1973).

3

billed, according to the terms of the January 2016 contract and the invoice originally presented. Accordingly, we reverse in part and remand to the trial court to amend the final judgment to reflect the proper measure of damages pertaining to the unpaid December 2015 invoice from $5,500.00 to $1,236.47.

Affirmed in part, reversed in part, and remanded.