[No. 2272-2. Division Two. March 8, 1977.]

DENNIS DISCH, *Appellant,* v. RAVEN TRANSFER AND STORAGE COMPANY, *Respondent.*

*Richard D. Smith* and *Turco & Erickson,* for appellant.

*Robert E. West, Jr., Jack A. Hawkins,* and *Hawkins & Ingalls,* for respondent.

RINGOLD, J.*—Dennis Disch leased a furnished house to Kenneth Cameron. When Cameron vacated the house he entered into a contract and warehouse receipt with Raven Transfer for removal and storage of the furniture. Cameron did not pay transfer and storage fees. When Raven Transfer refused to turn the furniture over to Disch, he brought a replevin action against the storage company, which answered claiming a warehouseman's lien. Disch's claim was dismissed without prejudice on November 7, 1975, for want of prosecution. Raven Transfer had by third party complaint joined Cameron as a defendant and on November 21, 1975, the court, without notice to Disch, entered findings of fact, conclusions, and a default judgment for Raven Transfer against Cameron.

---

*Judge Solie M. Ringold is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

Disch later brought a second replevin action against Raven Transfer and moved for summary judgment. Disch's affidavit supporting that motion alleged that Disch was the owner of the stored furniture and that Cameron had stored the furniture without Disch's knowledge, approval, or consent. Raven Transfer made a counter motion, unsupported by an affidavit, for summary judgment but did not dispute Disch's allegations. The court ruled that Raven Transfer's lien against Disch's furniture was valid and granted its motion for summary judgment.

## ISSUE

Is a warehouseman entitled to a lien for storage of goods placed in his warehouse by a lessee/bailee, without knowledge or consent of the lessor/bailor? We answer, "No."

## EFFECT OF PRIOR ACTION

Preliminarily, we turn to one aspect of the litigation which caused concern to the trial judge. The court in the prior action, awarding a default judgment to Raven Transfer against Cameron, made a finding that Cameron was in lawful possession of the property and "had full legal right and authority to store all of the property described by said warehouse receipt." The court in the prior action directed that the warehouseman's lien be foreclosed.

Facts necessary to invoke the doctrine of res judicata or collateral estoppel are not present. Disch was dismissed from the prior action. Raven Transfer later moved for and obtained a default judgment against Cameron without any notice to Disch. In view of lack of identity or privity of parties the prior determination is not binding in this action. *Owens v. Kuro,* 56 Wn.2d 564, 354 P.2d 696 (1960); *Lucas v. Velikanje,* 2 Wn. App. 888, 471 P.2d 103 (1970).

We turn next to the statutory provisions governing the effectiveness of a warehouseman's lien.

76

RCW 62A.7–209(3) provides:

A warehouseman's lien for charges and expenses under subsection (1) or a security interest under subsection (2) is also effective against any person who so entrusted the bailor with possession of the goods that a pledge of them by him to a good faith purchaser for value would have been valid but is not effective against a person as to whom the document confers no right in the goods covered by it under RCW 62A.7–503.

RCW 62A.7–503 provides in part:

(1) A document of title confers no right in goods against a person who before issuance of the document had a legal interest . . . in them and who neither

(a) delivered or entrusted them or any document of title covering them to the bailor or his nominee with actual or apparent authority to ship, store or sell . . .; nor

(b) acquiesced in the procurement by the bailor or his nominee of any document of title.

## DECISION

■ Under the provisions of the UCC, Raven Transfer is entitled to a warehouseman's lien that is effective against Disch's legal interest in the goods only if: (1) Disch entrusted Cameron (bailor) with possession of the goods such that Cameron could have made a valid pledge of the goods to a good faith purchaser for value; and (2) Disch entrusted the goods to Cameron with actual or apparent authority to store the goods, or Disch acquiesced in Cameron's procurement of the warehouse receipt, so that, as provided in RCW 62A.7–503, the warehouse receipt confers upon Cameron a right in the goods against Disch's legal interest in the goods.

The first requirement above is governed by article 9 of the UCC dealing with "pledges" as security interests in personal property. *See* RCW 62A.9–102. RCW 62A.9–204 provides that no security interest can attach until the debtor (pledgor) has "rights in the collateral." Mere lawful possession is not sufficient. Under the UCC if one has a

temporary right to use another's property and attempts to pledge it without the owner's consent, the owner may follow and reclaim the property no matter who is in possession of it. The pledgee stands in no better position than a person who innocently buys, leases, or acquires property that has been stolen. 2 Anderson, *Uniform Commercial Code* § 2–403:6, at 41 (2d ed. 1971).

. Official Comment 5, RCWA 62A.7–209 provides that:

> As against third parties, subsection (3) continues the rule under the prior uniform statutory provision that to validate the lien the owner must have entrusted the goods to the depositor, and that the circumstances must be such that a pledge by the depositor to a good faith purchaser for value would have been valid. Thus the owner's interest will not be subjected to a lien or security interest arising out of a deposit of his goods by a thief. The warehouseman may be protected because of the actual, implied or apparent authority of the depositor, . . . or because of other circumstances which would protect a bona fide pledgee, unless those circumstances are denied effect under Section 7–503.

Merely entrusting another with possession of property has never been held to preclude the owner from asserting his title. 2 Anderson, *Uniform Commercial Code* § 2–403:7.

Therefore, unless Disch consented to storage of the furniture or misrepresented ownership by some means greater than entrusting possession to Cameron, Cameron could not have validly pledged the goods and Raven Transfer's lien would not be effective against Disch. *See Nikolas v. Patrick,* 51 Mich. App. 561, 215 N.W.2d 715 (1974); Cordle v. Lincoln Moving & Storage, Inc., 19 UCC Rep. Serv. 1204 (Neb. Dist. Ct. 1976).

The second condition necessary for Raven Transfer's lien to be effective against Disch requires that Disch actually or apparently authorized storage or that Disch acquiesced in Cameron's procurement of the warehouse receipt. As noted above merely entrusting another with possession of goods has not been held to constitute apparent authority.

The general common–law rule was unchanged by the enactment of the UCC in this state.

In the absence of a statute to the contrary, one who deals with a bailee concerning the bailed property does so at his peril. The bailor, as the general owner of the property, may assert his title as against third parties.

(Footnotes omitted.) 8 C.J.S. *Bailments* § 39, at 469 (1962).

A 1966 revised version of UCC § 7–209(3)(b) adds:

(b) A warehouseman's lien on household goods for charges and expenses in relation to the goods under subsection (1) is also effective against all persons if the depositor was the legal possessor of the goods at the time of deposit. "Household goods" means furniture, furnishings and personal effects used by the depositor in a dwelling.

2 U.L.A. 523 (1968).

Washington did not adopt this amendment. This is a clear indication that the legislature does not intend to make the lien effective if the bailor merely had legal possession of the goods. *Nikolas v. Patrick, supra.*

The undisputed facts do not satisfy either of the two requirements discussed above. Disch undisputedly alleges that Cameron did not have his consent to store the goods. Raven Transfer has not alleged any facts indicating that Disch misrepresented ownership in any way other than giving Cameron possession of the goods. Raven Transfer has not alleged any facts indicating that Disch acquiesced in Cameron's procurement of the warehouse receipt. Therefore, as a matter of law, Raven Transfer is not entitled to a warehouseman's lien under RCW 62A.7–209, and Disch is entitled to his property or its value.

We reverse and remand for further proceedings consis-

tent with this opinion.

PETRIE, C.J., and REED, J., concur.