## THE EXCHANGE BANK & TRUST CO. *v.* GLENN'S MARINE, INC.

78-300                                                579 S.W. 2d 358

Opinion delivered April 16, 1979
(Division II)

*Spencer & Spencer,* for appellant.

*Nolan, Alderson & Jones,* for appellee.

FRANK HOLT, Justice. Appellant brought this replevin action against appellee to recover possession of an outboard motor. This appeal follows the jury's verdict for appellee. Appellant asserts that neither the court's instruction No. 8 concerning sale on approval nor the jury's verdict was supported by substantial evidence. We discuss these contentions together.

James Beeson executed a promissory note to appellant in the amount of $4,088.52 on May 6, 1977, in order to finance his purchase of a boat, trailer and 55 h.p. motor from appellee. On that date he granted appellant a security interest on the boat rig. Appellant properly filed the financing statement covering the collateral. About three days later, unknown to appellant, Beason exchanged the mortgaged motor with the appellee-seller for a larger one. Beason defaulted on the note. Appellant brought a replevin action against the appellee-seller seeking return of the collateral (the smaller motor) or its value plus damages for wrongful detention by appellee. At trial the court gave the following instruction No. 8:

> In this connection you are instructed that if it is agreed that personal property delivered may be returned by the buyer even though it conforms to the agreement, the transactions is a sale on approval.
>
> And you are told title to personal property held on approval does not pass until the property is accepted by

the buyer provided that, unless otherwise agreed, failure to notify the seller within a reasonable time of the election to return the property is acceptance. What is a reasonable time to give notice of the election to return the property is a question of fact for you to determine taking into consideration the nature, purpose and circumstances of the sale on approval.

Appellant does not question the instruction as a correct declaration of law. It argues that there was no substantial evidence presented which would support the instruction. Ark. Stat. Ann. § 85-2-326 (Add. 1961) provides:

(1) Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is

(a) a 'sale on approval' if the goods are delivered primarily for use . . . .

The comment to that provision states:

The type of 'sale on approval' . . . . dealt with involves a contract under which the seller undertakes a particular business risk to satisfy his prospective buyer with the appearance or performance of the goods in question. The goods are delivered to the proposed purchaser but they remain the property of the seller until the buyer accepts them. The price has already been agreed. The buyer's willingness to receive and test the goods is the consideration for the seller's engagement to deliver and sell.

§ 85-2-327 provides:

(1) Under a sale on approval unless otherwise agreed (a) although the goods are identified to the contract the risk of loss and the title does not pass to the buyer until acceptance; and
(b) use of the goods consistent with the purpose of trial is not acceptance but failure seasonably to notify the seller of election to return the goods is acceptance . . . .

Here the facts are undisputed. When Beason purchased the boat rig, the appellee-seller agreed that if Beason was satisfied after a weekend trial period, he could keep the smaller motor or return it and exchange it for a larger one. Appellee made Beason two price offers, one on the smaller motor, the other on the larger motor. Appellee did not consider the sale consummated at the time Beason took the smaller motor and required Beason to obtain insurance since the total loss would fall on appellee if anything happened to the "rig." At the time Beason took the smaller motor, he left a deposit with appellee to "assure . . . . that he was going to buy it one way or the other. It was just a question of which motor." Within 48 hours, Beason exchanged motors with appellee.

Appellant contends that such an arrangement alone does not create a sale on approval. It argues that, under the general Code provision, § 85-2-401, title to the smaller motor passed to Beason on May 4, 1977, at the time the property was physically delivered to him, and therefore appellant's security interest is enforceable. According to appellant, the testimony indicated that the transaction was, in fact, an absolute sale, with "right to rescind and return," and there was no evidence of a sale on approval. It further cites Anderson, Uniform Commercial Code, 2d, Vol. 1 § 3-236:15, quoting from § 3-326:14 and *Gantman* v. *Paul,* 199 A. 2d 519 (Pa. 1964), as standing for the proposition that where "invoices and documents give the appearance of an absolute sale, it will not be converted into a sale on approval and that the buyer had never approved." However, the *Gantman* case, the only case cited in Anderson, *supra,* as authority for the stated proposition, dealt with a situation where the seller attempted to replevy articles to which the buyer asserted title, claiming that it had sold the goods on approval and the buyer had never accepted. Such a situation is not applicable here. We think the passage of title here is governed by § 85-2-327 rather than the general rule relied upon by appellant as expressed in § 85-2-401. § 85-2-327 provides that on a sale on approval, unless otherwise agreed, title passes only at the time the buyer accepts.

After viewing the evidence in the light most favorable to

the appellee, there was substantial evidence to warrant the court's instructing the jury on the issue of a sale on approval and for the jury to resolve the issue in favor of appellee.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.