POOLE, Circuit Judge,
dissenting.
I respectfully dissent. In my view, under the provisions of California law relied upon by the majority, Holiday Airlines, Inc. (Holiday) lacked the power to consent to the creation of a security interest in an aircraft which it did not own. Therefore, the consensual lien which Holiday attempted to grant to World Airways, Inc. (World) never attached to aircraft 971; World perfected by possession only that which it was granted, to wit, an unattached, ineffective lien. As World had no valid, perfected lien in 971, the security interest which it acquired through substitution in aircraft 974 was preferential within the meaning of § 60 of the Bankruptcy Act, 11 U.S.C. § 96 (1976), and the judgment of the district court should be affirmed.
In part III the majority concludes that the repair agreement between Holiday, lessee of 971, and World, the repairman, created a consensual lien under California law which World perfected when it took 971 into its possession. See Cal.Comm.Code §§'9204, 9305; Maj. op., at 981. This page 978 of the majority opinion, is not the only part of the record before us relevant to determining the validity of World’s alleged consensual lien. Holiday was the lessee of 971. Its possessory rights stemmed from a lease agreement with Petroleum Investment Services, Inc. (Petroleum), the owner, which provides that Holiday had no power to permit any lien or encumbrance to arise on 971.[1] Holiday’s status as a lessee and this explicit prohibition on encumbrance of 971 undermine the majority theory that under California law a consensual lien arose by virtue of the repair agreement.
In order to establish a consensual lien against one who is not a party to the agreement creating the disputed security interest, the interest must attach to the collateral and be perfected. There is no doubt that whatever interest World obtained became perfected under California law when it took possession of 971. Cal.Comm.Code § 9305. However, World could perfect only that interest which had attached to 971 and which Holiday had the power to cause to attach. If Holiday lacked the power to impress a lien on 971, then no interest ever attached in the aircraft and World could have perfected by possession only an ineffective, unattached interest. This is our case.
Mere recitation of the security interest in the repair contract is insufficient to establish that the interest attached to 971. See Chartered Bank of London v. Chrysler Corp., 115 Cal.App.3d 755, 760, 171 Cal.Rptr. 748, 750 (1981). Rather, in order for a security interest to attach in a chattel, there must be “an agreement ... that it attach and value is given and the debtor has rights in the collateral.” Cal.Comm. Code § 9204. The majority’s analysis of § 9204 is faulty because World cannot demonstrate on this record that Holiday possessed sufficient “rights in the collateral,” 971, to encumber it by consensual agreement. See Chartered Bank, supra (party asserting validity of a security interest will be required to show that debtor had “rights in the collateral” sufficient to create the interest).
Certainly an owner may encumber his property and subject it to a consensual security interest. Holiday, however, is not an owner, but a lessee. Under Article 9, a lessee may generally not encumber his lessor’s property. See, e. g., Disch v. Raven Transfer & Storage Co., 17 Wash.App. 73, 561 P.2d 1097 (1977).[2] The majority does not dispute, nor does it purport to alter this rule. Holiday’s status as a lessee thus gives it no more than a lawful right to possession *984 of 971, not the power to employ the aircraft as security.[3]
Notwithstanding its lessee status, Holiday could create a lien in 971 if Petroleum had authorized Holiday to enter into a consensual lien agreement. Under California law,
[a] debtor who does not own collateral may nonetheless use the collateral for security, thereby obtaining rights in the collateral, when authorized to do so by the actual owner of the collateral.
K. N. C. Wholesale, Inc. v. AWMCO, Inc., 56 Cal.App.3d 315, 318-19, 128 Cal.Rptr. 345, 348 (1976); accord, Matter of Pubs, Inc. of Champaign, 618 F.2d 432, 436 (7th Cir. 1980) (under Article 9, a lessee may have rights in collateral and encumber a lessor’s chattel when lessor has expressly or implicitly authorized creation of the security interest).
On this record, it is impossible to find that Petroleum gave Holiday the power to encumber 971. The lease agreement expressly withdraws such power from Holiday. Petroleum never approved the repair agreement executed between Holiday and World nor has it taken any action which suggests its acquiescence in the creation of a lien by its lessee. When the right to pledge a chattel as security has been withheld by the owner, it is unreasonable to give effect to an attempt by a lessee to create such an interest.
The majority attempts to define away the difficulties presented to its analysis by the “rights in collateral” requirement of Cal. Comm.Code § 9204. At page 981, the opinion indicates that there is no suggestion in this case that the rights of Petroleum or the mortgagor of 971, Central Bank & Trust Co., are in any way impinged by the majority’s holding and that if there were such a prospect a different case would be presented. This dubious observation overlooks that “[fjundamental to a secured party’s acquisition of a security interest in property of the debtor is that the debtor have ‘rights in the collateral.’ ” Anthony v. Community Loan & Investment Corp., 559 F.2d 1363, 1368, reh’g. denied, 564 F.2d 416 (5th Cir. 1977).
Under Cal.Comm.Code § 9204, it is elementary that the existence of a valid security interest in 971 turns on whether Holiday had “rights in the collateral” which enabled it to pledge the aircraft. One cannot dispense with this requirement simply because the owner is not challenging the validity of the security interest a lessee attempted to create.
In his concurring opinion, Judge Gibson suggests that the necessary “rights in collateral” arise by virtue of the Petroleum-Holiday lease provision whereby Holiday must maintain 971 at its own expense and in accord with federal aviation standards. Judge Gibson would read this provision to mean “[t]he lessee had an implied right ... to place the aircraft in the possession of a third party which could give rise to a mechanic’s lien.” Concurring Opinion. I cannot agree that the law of California permits us to imply this new covenant into the Petroleum-Holiday agreement.
Implied covenants are disfavored and the California Supreme Court has identified five factors which should be present before a covenant will be implied:
(1) the implication must arise from the language used or it must be indispensable to effectuate the intention of the parties;
(2) it must appear from the language used that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it; (3) implied covenants can only be justified on the grounds of legal necessity; (4) a promise can be implied only where it can be rightfully assumed that it would have been made if attention had been called to *985 it; (5) there can be no implied covenant where the subject is completely covered by the contract.
See, e. g., Stockton Dry Goods Co. v. Girsh, 36 Cal.2d 677, 681, 227 P.2d 1 (1951); Cal. Civ.Code § 1648.
Applying these standards, it is certainly not indispensable to a lessee’s obligation to repair an airplane that the lessee have power to encumber the aircraft. The record here belies the prospect that the parties so clearly contemplated Holiday’s power to encumber 971 for repairs that they thought it unnecessary to include such a provision in the lease. If it is legally necessary or sound policy to vindicate an aircraft repairman’s lien, then it is for California’s legislature to provide such protection, as has been done in Cal.Civ.Pro.Code §§ 1208.61, .62. The presence of this statutory aircraft repairman’s lien makes it legally unnecessary to imply such a lien to a clear, consensual agreement. Finally, I doubt that we have the power under California law to imply a contract term which is contrary to the express terms of the parties’ understanding. Petroleum and Holiday agree that Holiday was to have no power to consent to the creation of any liens in 971 and I am not willing to disregard this clear expression of their intention. I cannot embrace the “implied right” theory of the concurring opinion.
As the majority erroneously concludes that World acquired a valid consensual lien on 971 from Holiday under Cal.Comm.Code § 9204, I must conclude that the majority opinion provides an insufficient basis to reverse the judgment of the district court. I would affirm.[4]

. The lease between Petroleum' and Holiday reads:
THIRTEENTH — LESSEE shall have no right to consent to, allow, or permit any liens or encumbrances on said AIRCRAFT.

. See generally Anzivino, When Does a Debtor Have Rights in the Collateral Under Article 9 of the Uniform Commercial Code, 61 Marq.L.Rev. 23, 29-31 (1977).

. It may be that a lessee has sufficient rights in a chattel to pledge it as collateral when the lease is designed to be a security interest or financing device rather than a traditional leasehold. See Anzivino, supra. There is no need to consider this possibility in this case because the parties clearly indicated in paragraph 29 of the lease agreement that Holiday acquired no title or security interest in 971 by virtue of the lease. Similarly, nothing in any provision of the lease suggests that anything other than a traditional leasehold was created.

. As World never acquired a consensual lien that attached in 971 by virtue of the repair agreement, I find it unnecessary to consider, and express no view on, the preemptive effect of the Federal Aviation Act on consensual security interests created and perfected pursuant to provisions of the Uniform Commercial Code. Similarly, no useful purpose would be served by considering in this dissent other possible bases whereby World might have acquired a lien on 971. I dissent because the majority fails to provide an adequate legal basis to reverse the judgment of the district court.