726 P.2d 792

**FIRST SECURITY BANK OF IDAHO, N.A., Plaintiff-Respondent,**

**v.**

**Kenneth Lynn WOOLF and Nancy Woolf, Defendants-Respondents,**

**and**

**Doyle Beck, d/b/a Sunrise Associates, Defendant-Appellant.**

**No. 15700.**

Court of Appeals of Idaho.

Oct. 1, 1986.

Mark R. Fuller (Fuller and Carr), Idaho Falls, for defendant-appellant Beck.

Dean Dalling (Smith, Hancock & Dalling), Rexburg, for plaintiff-respondent First Sec. Bank.

No appearance on appeal by respondents Woolf.

BURNETT, Judge.

This is a dispute over possession of an automobile. The claimants are First Secur-

ity Bank, a lender holding a security interest, and Doyle Beck, a used car dealer who asserts ownership of the vehicle. The bank sued for possession after Beck's former business associate, Kenneth Woolf, defaulted on a loan secured by the car. Beck answered that the bank's security interest was not enforceable against him. The district court entered summary judgment for the bank. For the reasons set forth below, we affirm.

The essential facts are not in dispute. Beck and Woolf established a loosely defined business relationship in which Woolf operated a used car dealership known as "Sunrise Associates." Woolf used an auto dealer's license issued to Beck and, in return, he promised to pay Beck an agreed sum on each sale. Woolf and Beck established a joint checking account at First Security Bank under the name "Sunrise Associates."

During this relationship, Woolf purchased a 1978 Buick Regal from another auto dealer. The purchase order and the certificate of title listed the buyer as "Sunrise Associates." Payment was made with a check drawn against the "Sunrise Associates" account. At approximately the same time, Woolf borrowed money personally from First Security Bank and pledged the car as security. He endorsed the title certificate on behalf of "Sunrise Associates," transferring title to himself. He then presented the certificate to the bank. The bank perfected a security interest in the vehicle as provided in I.C. § 49–412, by submitting the endorsed certificate to the Idaho Department of Transportation. The Department issued a new certificate showing the bank as a lienholder. The loan proceeds were deposited to the "Sunrise Associates" account. Woolf later defaulted on the loan.

When the bank's officers attempted to enforce the security interest, they found that Beck had taken possession of the car to satisfy a claim against Woolf. Beck declined to relinquish possession, contending that his money or credit had been used to purchase the car, that he was the true owner, and that he was not subject to any security interest asserted by the bank. As noted above, the bank sued and obtained a summary judgment. This appeal followed.

Our first inquiry is whether the bank has an enforceable security interest. The question is governed by I.C. § 28–9–203(1), contained in the Idaho/Uniform Commercial Code. The statute, phrased in the negative, provides as follows:

> [A] security interest is *not* enforceable against the debtor or third parties ... *unless*
>
> (a) the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral ...; and
>
> (b) value has been given; and
>
> (c) the debtor has rights in the collateral. [Emphasis added.]

The requisites of subparagraphs (a) and (b) clearly have been met in this case. Woolf signed a security agreement and the bank gave value by lending him money. However, Beck argues that subsection (c) has not been satisfied because Woolf had no rights in the collateral. We disagree. Possession of the collateral, accompanied by a contingent right of ownership, has been held sufficient for a security interest to attach. *Amfac Mortgage Corp. v. Arizona Mall of Tempe,* 127 Ariz. 70, 618 P.2d 240 (App.1980). An interest greater than naked possession has been deemed a sufficient right in the collateral to satisfy the requirements of statutes similar to I.C. § 28–9–203(1)(c). *See Morton Booth Co. v. Tiara Furniture, Inc.,* 564 P.2d 210 (Okla. 1977); *Evans Products Co. v. Jorgensen,* 245 Or. 362, 421 P.2d 978 (1966).

Here, Woolf had more than naked possession of the pledged automobile. As one of the principals of "Sunrise Associates," he had authority to buy and sell cars. The record discloses no prohibition against selling a car to himself or against pledging a car as collateral for a loan. Of course, any such transactions could have left Woolf indebted to Beck or to "Sunrise Associates." But the point germane to this

appeal is that Woolf had authority to deal with the property of the business. We hold that Woolf's authority was sufficient to satisfy the requirement of "rights in the collateral." Therefore, the bank obtained from Woolf a valid security interest, enforceable "against the debtor or third parties" under I.C. § 28-9-203(1).

■ The next question is whether Beck was among the "third parties" bound by this security interest. For the sake of discussion we will assume, as Beck asserted in the district court, that he had an ownership interest in the automobile. Beck has argued that he also had a right to possession which was not subject to the bank's security interest because the bank failed to perfect the interest in the manner required for "inventory" goods. It is true that perfection under I.C. § 49-412 does not suffice when the collateral is an automobile held in inventory. Idaho Code § 49-414 provides that in such cases, perfection "shall be governed by the Uniform Commercial Code." Idaho's U.C.C., at I.C. §§ 28-9-302 and 28-9-305, requires perfection by filing a financing statement or by taking possession of the collateral—neither of which was accomplished by the bank in this case. Consequently, Beck and the bank have devoted much attention to the perfection issue, vigorously debating whether Woolf bought the car as inventory or as his own personal vehicle. Beck would have us hold that this is a genuine issue of fact, precluding summary judgment for the bank.

In our view, however, Beck's position is untenable for two reasons. First, the characterization of collateral as inventory or as consumer goods under the U.C.C. is not merely an issue of fact. It is a mixed issue of fact and law. Second, and more importantly, even if this mixed issue turned on a point of fact, summary judgment would not be precluded unless the fact were "material" as denoted in I.R.C.P. 56(c). We do not believe the characterization of the automobile is "material" in this case. For even if the vehicle were characterized as inventory, and if the bank's security interest were deemed to be unperfected, the question would remain whether Beck is subject to a valid, albeit unperfected, security interest. We think he is.

As we have seen, I.C. § 28-9-303 provides that "third parties" are subject to valid security interests. The question, then, is narrowed to whether Beck qualifies for any exception to this general provision. The exceptions are set forth in I.C. § 28-9-301(1):

[A]n unperfected security interest is subordinate to the rights of

(a) Persons entitled to priority under Section 28-9-312;

(b) A person who becomes a lien creditor before the security interest is perfected;

(c) In the case of goods, instruments, documents, and chattel paper, a person who is not a secured party and who is a transferee in bulk or other buyer not in the ordinary course of business....;

(d) In the case of accounts and general intangibles, a person who is not a secured party and who is a transferee to the extent that he gives value without knowledge of the security interest and before it is perfected.

Beck invites us to apply exception (a). This exception refers to competing security interests. Beck contends, incongruously, that he is not only an owner of the automobile but also the holder of a purchase money security interest because the car was acquired on his credit through the "Sunrise Associates" checking account. This contention is disputed by the bank; but even if it were true, Beck could not prevail. Idaho Code § 28-9-312(3), which assigns priorities among conflicting security interests in the same collateral, provides as follows:

(3) A *perfected* purchase money security interest in inventory *has priority over a conflicting security interest* in the same inventory and also has priority in identifiable cash proceeds received on or before the delivery of the inventory to a buyer *if*

(a) *the purchase money security interest is perfected at the time the debtor receives possession of the inventory....* [Emphasis added.]

Thus, even if a purchase money security interest existed, it was not "perfected" at the time Woolf acquired the automobile. Beck never filed a financing statement pursuant to I.C. § 28–9–302, nor did he "perfect" any purported security interest by taking possession of the collateral until long after the purchase had occurred.

Exceptions (b), (c) or (d) are inapplicable as well. Beck is not a "lien creditor," within the meaning of exception (b). That term, as explained in I.C. § 28–9–301(3), signifies a "creditor who has acquired a lien ... by attachment, levy or the like...." Beck does not fit that description. Neither can Beck invoke exception (c). The record does not show him to be a transferee in bulk or to be a "buyer" of the automobile from Woolf. Rather, his interest in the automobile, such as it may be, derives from his status as a co-principal in "Sunrise Associates." The interest, if any, conferred by that relationship is one of an original owner or co-owner, not one of a subsequent purchaser. Finally, Beck has no plausible ground to invoke exception (d) because the automobile is neither an "account" nor an "intangible."

In sum, the undisputed facts afford Beck no basis to qualify for any of the exceptions to the general rule that a valid, albeit unperfected, security interest is binding upon a "third party" such as Beck. The judgment of the district court is affirmed. Costs to respondent, First Security Bank. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.