### In re ADVANCED TURBO PRODUCTS, INC., Debtor.

### ADVANCED TURBO PRODUCTS, INC., Debtor-in-Possession, Plaintiff,

### v.

### CONGRESS FINANCIAL CORPORATION (FLORIDA), First Wall Street SBIC, L.P., Amity Machine Tool Company, Inc., Fleet Credit Corporation, Bernard Machinery, Inc., Department of the Treasury–Internal Revenue Service, Defendants.

### Bankruptcy No. 90–27648–BKC–SMW. Adv. No. 91–0129–BKC–SMW–A.

### United States Bankruptcy Court, S.D. Florida.

### April 25, 1991.

Marte Singerman, Miami, Fla., for plaintiff.

Charles S. Dale, Fort Lauderdale, Fla., for Amity Machine.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Advance Turbo Products, Inc. (the "debtor") against Congress Financial Corporation (Florida), First Wall Street SBIC, L.P., Amity Machine Tool Company, Inc., Fleet Credit Corporation, Bernard Machinery, Inc., and the Department of the Treasury–Internal Revenue Service (the "creditors") to determine the validity, priority and extent of liens on the property of the debtor and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being other-

wise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(K).

On January 24, 1991, this Court entered an order authorizing the debtor to sell at auction all of the property of the estate with liens to attach to proceeds. Amity Machine Tool Company, Inc. ("Amity"), claimed title to the following four pieces of equipment which were on the premises of the debtor and were used by the debtor:

1. RB–1 Vertical Milling Machine Serial Number: 75070078
2. RB–1 Vertical Milling Machine Serial Number: 75077080
3. Hardinage Chucker Serial Number: HC3923–N
4. Monarch E–E Engine Lathe Serial Number: EE1255I.

This equipment was pledged as collateral on a security agreement executed by the debtor in favor of Congress Financial on October 7, 1989. The security agreement was executed by the then-president of the debtor, Donald Manning, who attested that the listed equipment was owned by the debtor. Mr. Manning is also the president of Amity. Amity agreed that the equipment would be sold and that the Court, via an adversary proceeding, would make a later determination as to which party would be entitled to the proceeds of the sale of the listed equipment.

Pursuant to the Court order, the debtor conducted an auction sale which generated the net sum of $393,982.65 into the estate. The debtor then commenced this adversary proceeding seeking a determination from this Court as to the validity, priority and extent of the liens of the creditors to the sale proceeds.

The debtor has settled the claims of all creditors with the exception of Amity. Amity, through Mr. Manning, argues that the equipment, despite being listed on the security agreement executed in favor of Congress Financial, was never owned by the debtor. Amity contends that the equipment was purchased by Amity and was to be sold to the debtor. However, the transaction never took place and so Amity asserts the proceeds of the sale should not be distributed to the creditors of the debtor.

Under the Florida Uniform Commercial Code, a security interest in equipment attaches either when the collateral is in the possession of the secured party pursuant to agreement, or when the debtor executes a security agreement containing a description of the collateral, and in addition, value has been given, and the debtor has rights in the collateral. Fla.Stat.Ann. § 679.203(1)(a) (West 1991). A debtor has sufficient "rights in the collateral" if the true owner of the collateral has agreed to the debtor's use thereof as security or *has become estopped to deny the creation or existence of the security interest.* First Southern Insurance Co. v. Ocean State Bank, *562 So.2d 798 (Fla. 1st DCA 1990) (emphasis added).*

In this instance, the debtor, through Mr. Manning, executed the security agreement in favor of Congress Financial. Congress Financial gave value in that a loan was extended to the debtor. The security agreement described the listed equipment which was pledged to secure the debtor's underlying obligation to Congress Financial. Mr. Manning, as president of the debtor, also attested that all the listed equipment was owned by the debtor. Amity, through Mr. Manning, is now estopped from asserting that the equipment was never owned by the debtor or could not be pledged as collateral to Congress Financial.

Based on the foregoing, the Court finds that the security interest of Congress Financial attached at the time that the debtor executed the security agreement and that the proceeds of the sale of the following equipment are subject to the security interest of Congress Financial:

1. RB–1 Vertical Milling Machine Serial Number: 75070078

2. RB–1 Vertical Milling Machine Serial Number: 75077080

3. Hardinage Chucker Serial Number: HC3923–N

4. Monarch E–E Engine Lathe Serial Number: EE1255I.

A separate Final Judgment of even date consistent with the findings herein has been entered by the Court.