Billy J. WAWAK and Earlene WAWAK, His Wife *v.*
AFFILIATED FOOD STORES, INC.

90-296                                                812 S.W.2d 679

Supreme Court of Arkansas
Opinion delivered July 1, 1991

*Hoofman & Bingham, P.A.*, by: *B. John Biscoe Bingham*, for appellant.

*David E. Smith*, for appellee.

STEELE HAYS, Justice. By this appeal we must decide which of two conflicting claims to security interests in the inventory of a supermarket is subordinate under Article 9 of the Uniform Commercial Code.

Appellants Billy J. Wawak and Earlene Wawak began operating the Oak Grove Supermarket in 1978. The Wawaks acquired their stock from appellee Affiliated Food Stores, Inc., which secured its account with them by a security agreement and U.C.C. financing statement covering the inventory of the supermarket.

In 1986 the Wawaks made arrangements to sell the supermarket to Robert S. Davis, operating under the names Bob's Thriftway and Bob's Supermarket of Arkansas. Davis and the Wawaks signed an agreement under which Davis began operating the supermarket on January 28, 1986, while the documents of sale were being prepared.

Davis made immediate arrangements with Affiliated Food Stores to purchase inventory for the Oak Grove supermarket and executed a security agreement and financing statement with Affiliated covering the inventory of the supermarket. The financing statement and security agreement were properly recorded on February 6, 1986.

In April Davis and the Wawaks completed their transaction

and Davis executed a security agreement and financing statement covering the inventory to secure the indebtedness due the Wawaks. These instruments were properly recorded on April 8, 1986.

After some eighteen months Davis declared bankruptcy and on January 15, 1988, the Wawaks took possession of the supermarket and inventory from the trustee in bankruptcy. The Wawaks sought a declaratory judgment that their security interest was prior and superior to the security interest of Affiliated Food Stores, Inc. The circuit court ruled that the security interest of Affiliated Food Stores, Inc., was prior to that of the Wawaks and they have appealed. Since we agree with the trial court that the security interest of Affiliated was prior to that of Wawak, we affirm the judgment.

Appellants maintain that under Ark. Code Ann. §4-9-203(1) (1987) a security interest does not attach until the debtor has "rights in the collateral". They contend that Davis had no rights in the inventory of the supermarket, the collateral, until April 7, 1987, when the sale was completed. Prior to April 7, they submit that Davis was merely a "manager" or "bailee," citing several authorities interpreting "rights in the collateral" under § 4-9-203: *Uniform Commercial Code*, 3d Ed., § 22-6 (1988); B. Clark, *The Law of Secured Transactions Under the Uniform Commercial Code* § 2.4 (1980); D. Baker, *A Lawyer's Guide to Secured Transactions* §2.4 at 85 (1983).

But those treatises are largely general, and relate to different situations, situations in which goods are owned by third parties, with mere possession by a debtor proving insufficient to establish rights in the collateral. In contrast, it can hardly be disputed that Davis had more than naked possession. He was effectively the buyer in possession of a going concern, fully empowered to convey title to the collateral to purchasers in the ordinary course of business. Ark. Code Ann. § 4-9-307 (1987). The profits, as well as the losses, were his from and after January 28, when he took possession and began operating the supermarket. Moreover, the final sale documents reflect that the sale to Davis became "effective as of January 27, 1986." The fact that the sale was still in process on February 7, 1986, does not mean he was without rights in the collateral within the context of § 4-9-203.

While the code does not define "rights in the collateral," and this court has not had occasion to construe the term, other states have done so, compatibly with the result we reach. *See e.g., First Security Bank of Idaho, N.A.* v. *Woolf,* 111 Idaho 680, 726 P2d 792 (1986):

> Possession of the collateral, accompanied by a contingent right of ownership, has been held sufficient for a security interest to attach. *Amfax Mortgage Corp.* v. *Arizona Mall of Tempe,* 618 P2d 240 (Ariz. App. 1980). An interest greater than naked possession has been deemed a sufficient right in the collateral to satisfy the requirements of statutes similar to I.C. Sec. 28-9-203 (1)(c). *See Morton Booth Co.* v. *Tiara Furniture, Inc.,* 564 P2d 210 (Okla. 1977); *Evans Products Co.* v. *Jorgensen,* 421 P2d 978 [3 UCC Rep. Serv. 1099] (Or. 1966).

Appellants urge that in *Exchange Bank and Trust Co.* v. *Glenn's Marine, Inc.,* 265 Ark. 508, 579 S.W.2d 358 (1979), we recognized that possession alone, without ownership, was not a sufficient interest to allow a secured party of the debtor to attach the collateral in question, stressing that we looked to the actual agreement between the third party and the debtor to determine who had title to the collateral. But that case has only a passing likeness to the case at bar. There the issue was narrowed to the limited question of when title passes in a sale on approval, and we were not considering the question of a debtor's rights in collateral being sufficient to sustain a security agreement under § 4-9-203.

Another factor militates for affirmance. Ark. Code Ann. § 4-9-303(1) (1987) provides that when all the applicable steps to perfect a security interest are taken before the interest attaches, it is perfected at the time it attaches. T. Quinn, *Uniform Code Commentary and Law Digest,* § 9-303[B] (1978) has this comment;

> Perfection [the completion of all security agreement steps, plus filing] under §4-9-303 does not require a particular sequence of events. Thus, a security interest was perfected even though the financing statement was filed prior to the time the security interest attached. *In re Rivet,* 299 F. Supp. 374 (E.D. Mich. 1969).

■ Here, even if we could agree that Davis's rights in the collateral did not mature until April 7 when the sale was concluded, the Wawaks' security interest was not perfected until April 8 when their documents were filed, whereas under § 4-9-303(2) the security interest of Affiliated Food was perfected on April 7 at the instant Davis's rights in the collateral attached.

■ Finally, appellants propose in the alternative that these competing interests be prorated according to the equities. But appellants have cited no authority, nor have we found any, that considers such a remedy when, as here, the collateral is inventory. For a discussion of the limited situations where such a remedy might be applicable, *see* B. Clark, *The Law of Secured Transactions* § 3.09[5] (1988).

Affirmed.